IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:13-cr-00214 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| CHARLES EUGENE FRANKLIN | ) | |

### MEMORANDUM OPINION AND ORDER

Before the Court are two pro se motions filed by Defendant Charles Franklin (Doc. Nos. 82, 87). Defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 82, "Section 3582 Motion"), wherein Defendant asks the Court to resentence him in accordance with Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug quantities described in U.S.S.G. §§ 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). The Government responded in opposition to the Section 3582 Motion. (Doc. No. 91).

Also pending before the Court is Defendant's motion seeking a reduced sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194 (Doc. No. 87, "First Step Act Motion"). Via the Motion, Defendant requests the Court "reduce the enhanced sentence caused by [his] prior felonies." (*Id*. at 1). Defendant contends that his "prior offenses should not be considered to be 'serious felonies' under current case law . . . and should be considered as non-qualifying enhancement predicates." (*Id.*). Presumably because this motion was filed after the Court ordered a response to the Section 3582 Motion (Doc. No. 83), the Government has not responded to the First Step Act Motion.

1

## BACKGROUND

On October 3, 2013, law enforcement officials executed a search warrant of a residence located at 539 North Academy Street and seized, among other items, 79.97 grams of cocaine base packaged in multiple separate bundles and a loaded Glock, Model 31, .357 caliber pistol. (Doc. No. 51 at 13). On August 4, 2014, at the plea hearing, Defendant admitted to possessing the cocaine and firearm and pled guilty to two counts: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) ("Count One"), and possession with intent to distribute cocaine and 28 grams or More of cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"). (*Id*. at 9). In preparation for Defendant's sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") that calculated Defendant's total offense level as 32. (Doc. No. 71 at ¶ 33). The PSR explains the baseline calculation as follows:

> [s]ince Count Two is a controlled substance offense, the defendant was 18 or older at the time he committed the offense, and the defendant has at least two prior felony convictions that are crimes of violence,[1] the defendant is a Career Offender within the meaning of U.S.S.G § 4B1.1. Since the statutory maximum for Count Two is 40 years, the Offense Level is 34. U.S.S.G. § 4B1.1(b)(2).

(*Id*. at ¶ 31). The PSR then deducted 2 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 32. (*Id*. at ¶ 32). At the sentencing, the court embraced the findings and calculations of the presentence report and, upon the Government's motion, deducted one more level due to Defendant's acceptance of responsibility pursuant to

---

[1] The PSR found that Defendant previously sustained at least three felony convictions that each was either a crime of violence or a controlled substance offense:

    (A) On June 13, 2000, the defendant was sentenced in Rutherford County Criminal Court for Aggravated Burglary (Count One), Docket No. 48602
    (B) On June 18, 2001, the defendant was sentenced in Rutherford County Criminal Court for Possession of Over .5 Grams of Cocaine With Intent to Distribute, Docket No. F50423.
    (C) On November 26, 2007, the defendant was sentenced in Rutherford County Criminal Court for felony Evading Arrest (Count Four, Docket No. F60713.

(Doc. No. 76 at ¶ 24).

U.S.S.G. § 3E1.1(b), resulting in an offense level of 31 with a guideline range of 188 months to 235 months. (Doc. No. 81 at 5:5-10). The court sentenced Defendant to 120 months on Count One and 188 months on Count Two to run concurrently. (*Id*. at 31:6-9).

**ANALYSIS**

**I. Section 3582(c)(2) Motion**

Under 18 U.S.C. § 3582(c)(2), district courts may modify an imposed sentence based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *United States v Clardy*, 877 F.3d 228, 229 (6th Cir. 1987); *see also* 28 U.S.C § 944(o). The modification of a prison sentence involves a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, "[t]he court must determine that the defendant is eligible for a reduction in his sentence." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *Dillon*, 560 U.S. at 826-27). A defendant is eligible for sentence reduction only if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the "reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). These policy statements are contained in § 1B1.10. *Dillon*, 560 U.S. at 826.

As part of the inquiry under § 1B1.10(b)(1), the court "'determine[s] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting § 1B1.10(b)(1)). If the first step is satisfied, the court may then consider whether a reduction is warranted based on the factors laid out in 18 U.S.C. § 3553(a).

The Government argues that Defendant is not eligible for relief under the Section 3582(c)(2) and Amendment 782 because Defendant's "sentencing range was not based on the Drug Quantity Table in § 2D1.1. Instead, his sentencing range was based on § 4B1.1, because he qualified as a career offender." (Doc. No. 91 at 3 (citing *United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016); *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013))). Further, the Government argues that Defendant's attempt to argue that he no longer qualifies as a career offender based on the decision in *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019), is unavailing because "a court considering a § 3582(c)(2) motion must 'substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guidelines provisions that were applied when the defendant was sentenced and shall leave all other guidelines application decisions unaffected.'" (Doc. No. 90 at 4 (quoting U.S.S.G. § 1B1.10(b)(1)). Further, the Government argues that even assuming that Defendant could raise his *Havis* argument, that argument would fail because he

> was found to be a career offender based on two separate prior convictions for crimes of violence, apart from his prior conviction under T.C.A. § 39-17-417(a)(4). (*See* PSR ¶ 31). And, as this Court recently found in *United States v. Sangster*, No. 3:18-cr-201, convictions under § 39-17-417(a)(4) continue to qualify as "controlled substance offenses" even after *Havis*. As such, even if [Defendant] were resentenced today under current law, his guideline range would be unchanged.

(Doc. No. 91 at 4).

The Court agrees with the Government. As noted above, Amendment 782 lowered the respective offense level typically applicable for the crime charged in Count Two; however, Defendant was sentenced as a career offender. Therefore, "Amendment 782 does not have the effect of lowering the Guidelines range applicable to his case." *Smith*, 814 F.3d at 803–04. As the sentencing guidelines make clear, a sentence reduction, for example under Amendment 782, may not apply "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10

4

cmt. n.1(A). For Defendant, the other guideline or statutory provision is the career-offender guideline, which "shall apply" where the career-offender offense level "is greater than the offense level otherwise applicable." U.S.S.G. § 4B1.1. Because Defendant's offense level under the career-offender guideline was greater than it would have otherwise been, a claim under Amendment 782 has no merit.

Additionally, the Court agrees with the Government that the Sixth Circuit's decision in *Havis* does not strip Defendant of his career offender status, at least for purposes of Defendant's Section 3582 Motion. First, a motion brought pursuant to Section 3582 is not the proper vehicle in which Defendant may challenge his status as a career offender in any event. *See United States v. Alford*, No. 3:05-CR-071, 2019 WL 4601515, at *2 (E.D. Tenn. Sept. 23, 2019) (rejecting "the defendant's attempts [in his Section 3582 motion] to challenge his original conviction and sentence by way of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019)" and explaining that "[t]he proper vehicle for raising such claims is a motion under 28 U.S.C. § 2255.").

Second, even if Defendant were able to raise such a challenge, it would fail for two alternative reasons. First, the Court rejects any assertion that Defendant's conviction in Rutherford County Criminal Court, for possession of Over .5 Grams of Cocaine With Intent to Distribute (Docket No. F50423), has by virtue of *Havis* ceased to count as a "controlled substance offense" for purposes of determining career-offender status. In *Havis*, the Sixth Circuit held that the defendant's prior Tennessee conviction for selling or delivering cocaine was not a controlled substance offense for purposes of career offender classification under the sentencing guidelines; the court reasoned that the defendant's conviction under Tenn. Code Ann. § 39-17-417 actually could have been for "delivery" rather than selling, that "delivery" may constitute nothing more

5

than an "attempt" crime, and that a mere attempt crime does not properly count as "a controlled substance offense" under the guidelines. But Defendant's conviction in Docket No. F50423 for possession with intent to distribute cocaine, which as described must have been under Tenn. Code Ann. § 39-17-417(a)(4), is not a conviction for "delivery" and not in any other respect a mere "attempt" crime. *See Gamble v. United States*, No. CV 16-02527, 2020 WL 475832, at *13 (W.D. Tenn. Jan. 29, 2020) ("Subsection (a)(4) [under Tenn. Code Ann. § 39-17-417] does not criminalize attempted possession of a controlled substance."). *See also Whyte v. United States*, No. 3:16-cv-02622, 2019 WL 2524095, at *7 n.4 (M.D. Tenn. June 19, 2019) (noting that subsection (a)(4) of § 39-17-417 is "divisible from the remainder of the statute" and that "Tennessee law does not appear to define 'possession' to encompass 'attempt to possess'"), *aff'd*, No. 19-5682, 2020 U.S. App. Lexis 3526 (6th Cir. Feb. 5, 2020).

And even if *Havis* did apply to count out Defendant's conviction in Docket No. F50423, Defendant still would have two convictions that qualify for career offender classification purposes notwithstanding *Havis*. Defendant has been previously sentenced to two "crimes of violence" that the sentencing court relied on when determining that Defendant qualified for career offender status. (*See* Doc. No. 81 at 4:13-18). These two crimes of violence by themselves render Defendant a career offender. Thus, *Havis* would not alter Defendant's sentence.

Accordingly, Defendant is not eligible for a reduction in his sentence and his Section 3582 Motion is therefore **DENIED**.

**II. First Step Act Motion**

Section 404 of the First Step Act gives retroactive effect to segments of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat 2372 (2010), which increased the respective threshold quantities of crack cocaine required to trigger each of the tiered statutory maximum and minimum

6

punishments prescribed by 21 U.S.C. §841(a)(1). *See* First Step Act § 404; Fair Sentencing Act § 2. Thus, Section 404 permits courts to grant relief for defendants convicted of a "covered offense," meaning "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act [ . . . ], *that was committed before August 3, 2010.*" First Step Act § 404 (emphasis added). *E.g.*, *United States v. Burke*, No. 2:08-CR-63(1), 2019 WL 2863403, at *3 (E.D. Tenn. July 2, 2019) ("[T]he defendant is eligible for relief as to Count One under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition."). "Under the Act, there is no eligibility requirement beyond the threshold question of whether there is a 'covered offense.'" *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020).[2] As one might suspect from the context, August 3, 2010 is the applicable date because it is "the effective date of the Fair Sentencing Act." *Id.; see also United States v. Swangin*, 726 F.3d 205, 207 (D.C. Cir. 2013) (noting that August 3, 2010 is the effective date of the Fair Sentencing Act).

If the defendant is deemed eligible for relief based on satisfying the Act's single requirement, the court (namely, the one that sentenced him previously) may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." § 404(b). The decision to impose a reduced sentence for an eligible defendant is within the court's discretion, as "nothing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to [that] section." § 404(c); *see also Burke*, 2019 WL 2863403, at *3 ("Because the defendant is eligible for relief, this Court has the discretion under 404(b) to impose a reduced sentence in accordance with the statutory penalties.") (internal quotation marks omitted).

---

[2] It appears that pinpoint cites are not yet available for *Gravatt*.

The Court concludes that Defendant is not eligible for relief under the First Step Act, because the offense underlying his sentence was not "committed before August 3, 2010." First Step Act § 404; *see also Handford v. Spaulding*, No. 919CV0434LEKDEP, 2019 WL 2122930, at *5 (N.D.N.Y. May 15, 2019) ("[T]he First Step Act's re-sentencing provision does not apply to Petitioner's offense. At his plea hearing, Petitioner admitted to participation in drug transactions occurring in 2013 and 2014. Because Petitioner's offense was not 'committed on or before August 3, 2010,' he is 'not eligible for a sentence reduction under the First Step Act.'" (quoting *United States v. Henderson*, No. 15-CR-0487, 2019 WL 1460402, at *2 (S.D.N.Y. Mar. 19, 2019)). The Fair Sentencing Act was in effect at the time of Defendant's sentencing, and therefore, retroactive application of the Fair Sentencing Act would have no effect on Defendant's sentence. Section 404 of the First Step Act is intended to extend certain sentencing benefits of the Fair Sentencing Act to certain defendants who were sentenced before the effective date of the Fair Sentencing Act and thus did not previously receive those benefits. Defendant is not such a defendant; both the purpose and the language of Section 404 are simply inapplicable to him.

Additionally, the First Step Act does not provide a mechanism for revisiting Defendant's status as a career offender, which is really what he is seeking. (*See* Doc. No. 87 at 1 (arguing that Defendant's "prior offenses should not be considered to be 'serious felonies' under current case law . . . and should be considered as non-qualifying enhancement predicates."); *see also Alford*, 2019 WL 4601515, at *2. Accordingly, Defendant's request for relief pursuant to the First Step Act is **DENIED**.

## CONCLUSION

For the above-mentioned reasons, Defendant's pro se motions (Doc. Nos. 82, 87) seeking to reduce his sentence are **DENIED**. Furthermore, the Court in its discretion declines Defendant's

request contained within his letter to the Court, (Doc. No. 86), to appoint him counsel on this matter. The Court finds that appointing counsel would be of no advantage for Defendant, who is clearly not entitled to the relief that he seeks based on the above-articulated principles.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE